FILED
OCT 27 2011
PATRICK E. DUFFY, CLERK
By DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WAYNE A. FINCH, BRENDA M. FINCH, LARRY D. EVINRUDE, ELLA M. EVINRUDE, and DEBRA L. SCHESCHY, ) ) ) ) ) ) Plaintiffs, ) ) vs. ) ) LINCOLN COUNTY, a Politcal Subdivision, JOHN C. KONZEN, as Lincoln County Commissioner, MARIANNE B. ROOSE, as Lincoln County Commissioner, ANTHONY J. BERGET, as Lincoln County Commissioner, ) ) ) ) ) ) ) ) ) ) ) Defendants. ) ) | CV 11-90-M-DWM ORDER |

## I. Introduction

This case is unique. The Finches, the Evinrudes and Ms. Scheschy, through counsel, filed a case in state district court in Lincoln County. The state complaint questioned the validity of the Lincoln County Commissioners' decision to approve a variance application requested by Robert Wilson, who is not a party to the state

1

suit. The County Commissioners approved Wilson's application to use the Wilson Access Road to gain entry from the east side of his property to subdivisions he was developing on his land. After a protest to the Commission seeking a chance to speak against the variance, the Plaintiffs asked the Commission to revoke it, a request that was denied in March of 2010.

The circuitous road to this court then was instigated when the state complaint was filed on April Fools' Day, 2010 in the Nineteenth Judicial District. This was apparently done to satisfy the potentially applicable 30-day statute of limitations. Mont. Code Ann. § 76-3-625(2). The Defendants were not served with the complaint until July 19, 2011, but when the summons was served on Defendants it was accompanied by Plaintiffs' Notice of Removal of the case to the United States District Court. Plaintiffs sought to remove their own case from the state court where they had chosen to file it in the first place. By that time, the Plaintiffs had already filed a revised complaint alleging substantially the same claims, but this case was filed as an original action in the federal court.

Not unexpectedly the Defendants have now moved to remand the original state complaint to the Nineteenth Judicial District for Lincoln County, the place it was originally filed. As to the federal case the Defendants ask that it be dismissed under Rule 12(b)(1), Fed. R. Civ.P. In my view both motions are well-taken.

2

However, because the parties argued the motion to dismiss as if it were a Rule 12(b)(6) motion, the resolution here will be on that basis. The state claim was improvidently removed to this Court. The federal case does not meet the pleading requirements necessary to state a constitutional claim, and the appeal regarding the Commission's rulings is unquestionably a matter for the state court and not the federal court, so the federal case will be dismissed without prejudice. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).[1]

## II. Removal

When there is no diversity of citizenship a plaintiff who first files in state court cannot remove the case to federal court. While the Plaintiffs are the "masters of their claims," the mastery can be exercised only in the first instance in deciding whether to sue in state or federal court. 28 U.S.C. § 1441. When this statute is read in context, Plaintiffs' argument, that the statute does not limit the right of removal to defendants alone, fits only like a "foot in glove" because "[a]n excerpted clause in a statute cannot be interpreted without reference to the statue as a whole." Westwood Apex v. Conteras, 644 F.3d 799, 804 (9th Cir. 2011)

---

[1] In the Ninth Circuit the general rule permits dismissal of a claim under Rule 12(b)(6) *sua sponte* when notice is given to the parties of the district court's intent. See Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981) (case antedates Iqbal). However, the general rule need not be applied when the parties have couched their arguments as if a 12(b)(6) motion had been filed, like the briefs do in this case.

3

(citing United States v. Morton, 467 U.S. 822, 828 (1984). In context, 28 U.S.C. §§ 1441(a) and 1446 make it clear that only defendants have the luxury of forum choice after a case is filed. Ore.Egg Producers v.Andrew, 458 F.2d 382, 383 (9th Cir. 1972) ("A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court..."). Plaintiffs have cited no authority, nor can any be found, that permits a plaintiff two bites at the apple of forum choice. As a consequence the case originally filed in the Nineteenth Judicial District must be remanded to that court.

## III. The Federal Case

The essence of the Plaintiffs' federal complaint is that they don't like what the County Commissioners did, don't want to take that matter up in the local community court, and claim constitutional violations in an effort to find a home in federal court. The law of this circuit reflects a frustration when plaintiffs appeal a zoning decision to federal court. This is because "zoning ordinances are presumptively valid and local governments have broad power to zone and control land use." Lydo Enter. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984). In our circuit the court of appeals has observed, "The Courts of Appeals were not created to be 'the Grand Mufti of local zoning boards,' nor do they 'sit as super

4

zoning boards or zoning boards of appeals." Carpinteria Valley Farms, Ltd. v. Co.of Santa Barbara, 344 F.3d 822, 826 (9th Cir. 2003). This view reflects the policy notion that zoning is primarily a function of state law and "mere errors of state law are not the concern of this Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Barclay v. Florida, 463 U.S. 939, 957-58 (1983).

While defendants here proceed on the theory that the Court lacks subject matter jurisdiction by virtue of Rule 12(b)(1), as stated earlier the essence of what is claimed is that there is no constitutional violation pled that can withstand the well-pleaded standard of Iqbal. 129 S.Ct. at 1949. Because the parties have addressed the merits of the essential Rule 12(b)(6) issue it would be fruitless to provide *pro forma* notice only to have the same arguments submitted on the question.

### A. Due Process Claims

A plaintiff's due process rights are not implicated when a municipality misapplies its zoning rules because plaintiffs "have no right to demand that the Municipal Defendants enforce the zoning laws." Gagliardi v. Village of Pawling, 18 F.3d 188, 192 (2nd Cir. 1994). The Ninth Circuit agrees with this proposition. "We agree with the Second and Tenth Circuits' reasoning and hold that Logan

5

Neighborhood does not have a legitimate claim of entitlement to the 'design review' allegedly required by the Spokane Municipal Code." Shanks v. Dressel, 540 F.3d 1082, 1092 (9th Cir. 2008). Although the due process clause prohibits the deprivation of an individual's property interest "its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." DeShaney v. Winnebago Co. Dept. Of Soc. Servs., 489 U.S. 189, 195 (1989). Even if the Lincoln County Commission got it wrong in the way it applied Regulation IX-B-1, due process does not mean that under such circumstances Plaintiffs have a property interest which is protected by the Constitution.

The premise of the due process argument is that the Commission violated Plaintiffs' property interests when it granted Wilson's variance application. The argument is dependant on the predicate assertion that Plaintiffs have any property interest to protect in the discretionary application of Lincoln County Subdivision Regulation Section IX-B-1. Such a characterization of this rule is at odds with the law because the rule is not cast in mandatory terms and does not restrict the Commission's discretion to approve or deny a variance application. Because no constitutionally protected property interest is at stake, Plaintiffs' due process allegations fail to state a claim and must be dismissed, without prejudice, under

6

Rule 12(b)(6).

### B. Equal Protection Claim

Even on a liberal view of the Plaintiffs' pleadings, there is no factual predicate set forth in the federal complaint that would support an allegation that they have been denied equal protection of the laws by the Commission's determination. The contention is that Plaintiffs were treated "differently than others similarly situated," but the pleading does not explain or identify how or why they believe they were treated differently. Federal Complaint ¶ 62. Nor is the contention that the regulation at issue was improperly executed and applied to them without justification, making them victims of "intentional, arbitrary, and unlawful discrimination," Federal Complaint ¶ 65, of any more help. The conclusory allegation that the Regulation IX-B-1 is unconstitutional as applied to them and that they were "denied equal protection of the law" is equally as unavailing.

There are no factual allegations in the federal complaint that could plausibly give rise to an equal protection claim when the Iqbal standard is applied to the pleading. As a consequence the equal protection claim is dismissed without prejudice for failure to state claim under Rule 12(b)(6).

### IV. The State Law Claim in Federal Court

Count IV of the federal complaint asserts Plaintiff's right to challenge the Lincoln County decision to grant Wilson a variance as set forth in Mont. Code Ann. § 76-3-625. That statute allows landowners who border the affected property to "appeal to the district court in the county in which the property involved is located." Mont. Code Ann. § 76-3-625(2). Here the Defendants contend that to the extent there is a claim regarding the variance under Montana law, it should be pursued in the state court in Lincoln County. "Mere errors of state law are not the concern of this Court, unless they arise for some other reason to the level of a denial of rights protected by the United States Constitution." Barclay, 463 U.S. at 957-58 (internal citations omitted).

A federal district court has supplemental jurisdiction over claims under state law that arise from the same case or controversy as the claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). Upon a determination that the federal claims lack merit, the district court may retain jurisdiction, dismiss the case or remand the case to state court, depending on the circumstances. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise

jurisdiction over the remaining state-law claims." Id. at 350 n.7. This is such a case. Because the federal constitutional claims are dismissed for faulty pleading, and dismissal of the state claims will permit the judge of the Nineteenth Judicial District in Lincoln County to resolve all issues in one forum, the state law claim is dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

## V. Order

Based on the foregoing, the Defendants' motion to remand or, alternatively, to dismiss for lack of subject matter jurisdiction (Doc. No. 12) is GRANTED. The Clerk of Court is directed to send all pleadings and documentation in the improvidently removed state case back to the Nineteenth Judicial District Court in Lincoln County, Montana.

IT IS FURTHER ORDERED that Plaintiffs' federal complaint is DISMISSED without prejudice pursuant to Rule 12(b)(6), Fed .R. Civ. P and 28 U.S.C. § 1367(c)(3).

The Clerk of Court is directed to notify the parties of the entry of this order.

Dated this 27th day of October, 2011.

Donald W. Molloy, District Judge
United States District Court

9